**HENNIGAN, BENNETT & DORMAN LLP**
**BRUCE BENNETT (SBN 105430)**
bennettb@hbdlawyers.com
**MONIKA WIENER (SBN 211467)**
wienerm@hbdlawyers.com
**865 South Figueroa Street, Suite 2900**
**Los Angeles, California 90017**
**Telephone: (213) 694-1200**
**Fax: (213) 694-1234**

Attorneys for Defendant Rassol, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-42717-BR |
| WALL STREET MART, L.P., | Chapter 11 |
| Debtor. | |
| | |
| WALL STREET MART L.P., | Adversary No. 2:10-ap 001950-BR |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT RASSOL, LLC TO ADVERSARY COMPLAINT** |
| RASSOL, LLC, | **Status Conference** |
| Defendant. | Date: July 27, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 East Temple St.<br>Los Angeles, CA 90012 |

Defendant Rassol, LLC ("Rassol") hereby answers the adversary complaint ("Complaint"), in the above-captioned adversary action dated May 25, 2010 filed by plaintiff Wall Street Mart, L.P. ("Plaintiff" or "Wall Street") and served on Rassol or about June 10, 2010.  All terms not specifically defined herein shall have the meanings ascribed to them in the Complaint.

-1-

HBDDOCS\777807.1

## I.    RESPONSE TO SPECIFIC ALLEGATIONS

Rassol hereby specifically responds to the allegations contained in each of the specific paragraphs in the Complaint as follows:

1. In response to paragraph 1 of the Complaint, Rassol admits that on or about August 22, 2008, Wall Street pledged to Rassol, as security for an antecedent debt of Namco and/or Namvar, eighty percent (80%) of Wall Street's membership interests in the LLCs. To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies the allegations.

2. In response to paragraph 2 of the Complaint, Rassol admits on information and belief that the LLCs own the Ground Leases. To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies the allegations.

3. Rassol denies the allegations set forth in paragraph 3 of the Complaint.

4. Rassol denies the allegations set forth in paragraph 4 of the Complaint.

5. Rassol denies the allegations set forth in paragraph 5 of the Complaint.

6. Rassol denies the allegations set forth in paragraph 6 of the Complaint.

7. On information and belief, Rassol admits the allegations set forth in paragraph 7 of the Complaint.

8. Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies the allegations.

9. Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies the allegations.

10. Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies the allegations.

11. The allegations contained in paragraph 11 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 11 of the Complaint are denied.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

12. The allegations contained in paragraph 12 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 12 of the Complaint are denied.

13. The allegations contained in paragraph 13 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 13 of the Complaint are denied.

14. The allegations contained in paragraph 14 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 14 of the Complaint are denied.

15. The allegations contained in paragraph 15 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 15 of the Complaint are denied.

16. In response to paragraph 16 of the Complaint, on information and belief Rassol admits that Wall Street is a California limited partnership, and that it filed a voluntary Chapter 11 petition with the Court on November 20, 2009. To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies the allegations.

17. In response to paragraph 17 of the Complaint, Rassol admits that Rassol is a Delaware limited liability company, and that Solomon Rastegar is the principal of Rassol. The allegations that Rastegar and/or Rassol are insiders of Namvar and/or Namco as the term insider is defined and otherwise used in the context of §101(31) of the Bankruptcy Code are conclusions of law to which no response is necessary. To the extent any response is required to such allegations, the allegations are denied. To the extent not expressly admitted herein, the remaining allegations contained in paragraph 17 of the Complaint are denied.

18. On information and belief, Rassol admits the allegations set forth in paragraph 18 of the Complaint.

27. On information and belief, Rassol admits the allegations set forth in paragraph 19 of the Complaint.

-3-

HBDDOCS\777807.1

20. On information and belief, Rassol admits the allegations set forth in paragraph 20 of the Complaint.

21. On information and belief, Rassol admits the allegations set forth in paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, on information and belief, Rassol admits that, prior to the Petition Date, Namco had been in business for approximately 20 years. To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies the allegations.

23. Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies the allegations.

24. Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies the allegations.

25. Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies the allegations.

26. On information and belief, Rassol admits the allegations set forth in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, the allegations set forth therein contain legal conclusions to which no response is required. To the extent that any response is required, Rassol denies that the transactions described in the Complaint constitute actual and constructive fraudulent transfers or preferential transfers. Rassol is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint, and therefore denies the allegations.

28. Rassol admits the allegations set forth in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Rassol admits upon information and belief that as of August 21, 2008, Namco's books and records reflected obligations to the Rastegar Family Trust and members of the Rastegar family as set forth in paragraph 29. To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as

-4-

HBDDOCS\777807.1

1  to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies the
2  allegations.

3      30.    In response to paragraph 30 of the Complaint, Rassol admits upon information and
4  belief that as of August 22, 2008, the Rastegar related accounts detailed in paragraph 29 of the
5  Complaint were closed and the balances were transferred by general journal entries to an account in
6  the name of Rassol, LLC.  To the extent not expressly admitted herein, Rassol is without knowledge
7  or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of
8  the Complaint, and therefore denies the allegations.

9      31.    Rassol is without knowledge or information sufficient to form a belief as to the truth
10 of the allegations set forth in paragraph 31 of the Complaint, and therefore denies the allegations.

11     32.    In response to paragraph 32 of the Complaint, Rassol admits upon information and
12 belief that the Rassol Note was signed by Namvar on behalf of Wall Street and dated as of August
13 22, 2008.  To the extent not expressly admitted herein, Rassol is without knowledge or information
14 sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the
15 Complaint, and therefore denies the allegations.

16     33.    In response to paragraph 33 of the Complaint, Rassol admits upon information and
17 belief that the Wall Street Pledge was signed by Namvar on behalf of Wall Street and dated as of
18 August 22, 2008.  To the extent not expressly admitted herein, Rassol is without knowledge or
19 information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of
20 the Complaint, and therefore denies the allegations.

21     34.    Rassol is without knowledge or information sufficient to form a belief as to the truth
22 of the allegations set forth in paragraph 34 of the Complaint, and therefore denies the allegations.

23     35.    Rassol is without knowledge or information sufficient to form a belief as to the truth
24 of the allegations set forth in paragraph 35 of the Complaint, and therefore denies the allegations.

25     36.    Rassol denies the allegations set forth in paragraph 36 of the Complaint.

26     37.    In response to paragraph 37 of the Complaint, Rassol admits on information and
27 belief that the Wall Street Pledge is signed by Namvar as "authorized agent" of Wall Street, and that
28 Wall Street is a California Limited Partnership.  Rassol additionally admits upon information and

-5-

HBDDOCS\777807.1

belief that, as of August 22, 2008, Sora was the general partner of Wall Street.  With respect to the allegations regarding Sora's authority to act for Wall Street, Rassol responds that these are conclusions of law to which no response is required.  To the extent any response is required, and to the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies the allegations.

38. Rassol denies the allegations set forth in paragraph 38 of the Complaint.

39. Rassol denies the allegations set forth in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, Rassol admits that paragraph 9.2 of the Partnership Agreement contains the language set forth in paragraph 40 of the Complaint.  To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and therefore denies the allegations.

41. In response to paragraph 41 of the Complaint, Rassol admits that paragraph 9.7(b)(iv) of the Partnership Agreement contains the language set forth in paragraph 41 of the Complaint.  To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies the allegations.

42. Rassol denies the allegations set forth in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Rassol admits upon information and belief that the Guaranty was signed by Namvar on behalf of La Brea, Arlington, and Wishlab.  To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore denies the allegations.

44. On information and belief, Rassol admits the allegations set forth in paragraph 44 of the Complaint.

45. On information and belief, Rassol admits the allegations set forth in paragraph 45 of the Complaint.

HBDDOCS\777807.1

46.     In response to paragraph 46 of the Complaint, on information and belief Rassol admits that deeds of trust in favor of Rassol encumbering the real property owned by each of La Brea, Arlington, and Wishlab, resepectively, were executed and recorded to secure the debt owed by Namco and/or Namvar to Rassol. Rassol denies that this was done "as part of the overall Rassol Transfer scheme," or that any such "scheme" existed. To the extent not expressly admitted herein, Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and therefore denies the allegations.

47.     Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, and therefore denies the allegations.

48.     Rassol denies the allegations set forth in paragraph 48 of the Complaint.

49.     Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint, and therefore denies the allegations.

50.     Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and therefore denies the allegations.

51.     On information and belief, Rassol admits the allegations set forth in paragraph 51 of the Complaint.

52.     On information and belief, Rassol admits the allegations set forth in paragraph 52 of the Complaint.

53.     Rassol denies the allegations set forth in paragraph 53 of the Complaint.

54.     Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint, and therefore denies the allegations.

55.     The allegations contained in paragraph 55 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 55 of the Complaint are denied.

56.     Rassol incorporates by reference each and every one of its responses to paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

57.     The allegations contained in paragraph 57 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in

1 paragraph 57 of the Complaint are denied.

2     58.    The allegations contained in paragraph 58 of the Complaint are conclusions of law to
3 which no response is necessary. To the extent any response is required, the allegations contained in
4 paragraph 58 of the Complaint are denied.

5     59.    The allegations contained in paragraph 59 of the Complaint are conclusions of law to
6 which no response is necessary. To the extent any response is required, the allegations contained in
7 paragraph 59 of the Complaint are denied.

8     60.    Rassol incorporates by reference each and every one of its responses to paragraphs 1
9 through 59 of the Complaint, as if fully set forth herein.

10     61.    The allegations contained in paragraph 61 of the Complaint are conclusions of law to
11 which no response is necessary. To the extent any response is required, the allegations contained in
12 paragraph 61 of the Complaint are denied.

13     62.    The allegations contained in paragraph 62 of the Complaint are conclusions of law to
14 which no response is necessary. To the extent any response is required, the allegations contained in
15 paragraph 62 of the Complaint are denied.

16     63.    The allegations contained in paragraph 63 of the Complaint are conclusions of law to
17 which no response is necessary. To the extent any response is required, the allegations contained in
18 paragraph 63 of the Complaint are denied.

19     64.    The allegations contained in paragraph 64 of the Complaint are conclusions of law to
20 which no response is necessary. To the extent any response is required, the allegations contained in
21 paragraph 64 of the Complaint are denied.

22     65.    Rassol incorporates by reference each and every one of its responses to paragraphs 1
23 through 64 of the Complaint, as if fully set forth herein.

24     66.    The allegations contained in paragraph 66 of the Complaint are conclusions of law to
25 which no response is necessary. To the extent any response is required, the allegations contained in
26 paragraph 66 of the Complaint are denied.

27     67.    The allegations contained in paragraph 67 of the Complaint are conclusions of law to
28 which no response is necessary. To the extent any response is required, the allegations contained in

-8-

HBDDOCS\777807.1

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1 paragraph 67 of the Complaint are denied.

2 68. The allegations contained in paragraph 68 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 68 of the Complaint are denied.

69. The allegations contained in paragraph 69 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 69 of the Complaint are denied.

70. Rassol incorporates by reference each and every one of its responses to paragraphs 1 through 70 of the Complaint, as if fully set forth herein.

71. The allegations contained in paragraph 71 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 71 of the Complaint are denied.

72. The allegations contained in paragraph 72 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 72 of the Complaint are denied.

73. The allegations contained in paragraph 73 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 73 of the Complaint are denied.

74. Rassol incorporates by reference each and every one of its responses to paragraphs 1 through 73 of the Complaint, as if fully set forth herein.

75. The allegations contained in paragraph 75 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 75 of the Complaint are denied.

76. The allegations contained in paragraph 76 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 76 of the Complaint are denied.

77. The allegations contained in paragraph 77 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in

HBDDOCS\777807.1

1 paragraph 77 of the Complaint are denied.

2     78.    The allegations contained in paragraph 78 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 78 of the Complaint are denied.

    79.    Rassol incorporates by reference each and every one of its responses to paragraphs 1 through 78 of the Complaint, as if fully set forth herein.

    80.    Rassol is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint, and therefore denies the allegations.

    81.    The allegations contained in paragraph 81 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 81 of the Complaint are denied.

    82.    The allegations contained in paragraph 82 of the Complaint are conclusions of law to which no response is necessary. To the extent any response is required, the allegations contained in paragraph 82 of the Complaint are denied.

## II. AFFIRMATIVE DEFENSES

Rassol asserts the following non-exclusive defenses in opposition to the claims asserted by Plaintiff against Rassol.

**FIRST AFFIRMATIVE DEFENSE**

With respect to Rassol, the Complaint and the causes of action therein asserted against Rassol fail to state a cause of action against Rassol upon which relief may be granted or judgment entered.

**SECOND AFFIRMATIVE DEFENSE**

If the transfers alleged in the Complaint (the "Alleged Transfers") were made, the Plaintiff may not avoid the Alleged Transfers to Rassol pursuant to section 548(c) of title 11 of the United States Code (the "Bankruptcy Code"), because Rassol gave value to Wall Street in exchange for the Alleged Transfers and is a transferee that took for value and in good faith.

**THIRD AFFIRMATIVE DEFENSE**

If the Alleged Transfers were made, the Plaintiff may not avoid the Alleged Transfers to

Rassol pursuant to Section 3439.08 of the California Civil Code, because Rassol took in good faith and for a reasonably equivalent value.

### FOURTH AFFIRMATIVE DEFENSE

The relief requested by the Plaintiffs would result in unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, under the doctrine of laches, from seeking the relief requested in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred, under the doctrines of waiver, release and/or estoppel, from seeking the relief requested in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims set forth in the Complaint are barred because such claims were not brought within the time allowed under applicable provisions of the Bankruptcy Code and applicable state law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims set forth in the Complaint are barred by the doctrine of unclean hands.

WHEREFORE, Rassol prays that judgment be entered in its favor and against Plaintiff by denying all requests for relief made by Plaintiff against Rassol and by awarding Rassol its costs in this matter, including attorneys' fees, together with such other and further relief as the Court may deem appropriate.

DATED: July 2, 2010

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
Monika Wiener

By: */s/ Monika Wiener*
       Monika Wiener
Attorneys for Defendant Rassol, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Hennigan, Bennett & Dorman LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017

A true and correct copy of the foregoing document described <u>Answer of Defendant Rassol, LLC to Adversary Complaint</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>July 2, 2010</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person is on the Electronic Mail Notice List to receive NEF transmission at the email address indicated below:

 United States Trustee (LA) - ustpregion16.1a.ecf@usdoj.gov

☐ Service information continued on attached page

II. **TO BE SERVED BY U.S. MAIL:** On <u>July 2, 2010,</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this adversary proceeding by placing true and correct copies thereof in sealed envelopes in the United States Mail, first class, postage prepaid addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Wall Street Mart LP, a California limited partnership<br>c/o Jeffer, Mangels, Butler & Marmaro LLP<br>Attn: David M. Poitras P.C.<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | Hon. Barry Russell<br>U.S. Bankruptcy Court<br>255 East Temple Street, Suite 1660<br>Los Angeles, CA 90012 |

☐ Service information continued on attached page

III. **TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 2, 2010 | Kevin Floyd | */s/ Kevin Floyd* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*   **F 9013-3.1**

HBDDOCS\776435.1