HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT (SBN 105430)
bennettb@hbdlawyers.com
MONIKA WIENER (SBN 211467)
wienerm@hbdlawyers.com
MICHAEL SCHNEIDEREIT (SBN 234956)
schneidereitm@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234

Attorneys for Defendant Rassol, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>WALL STREET MART, L.P.,<br><br>Debtor. | Case No. 2:09-bk-42717-BR<br><br>CHAPTER 11 |
| WALL STREET MART, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>RASSOL, LLC,<br><br>Defendant. | Adversary No. 2:10-ap 001950-BR<br><br>**DECLARATION OF SOLOMON RASTEGAR IN SUPPORT OF RASSOL, LLC'S MOTION FOR SUMMARY JUDGMENT ON ADVERSARY COMPLAINT**<br><br>**Hearing**<br>Date: [TBD]<br>Time: [TBD]<br>Place: Courtroom 1668<br>255 East Temple St.<br>Los Angeles, CA 90012 |

HBDDOCS\777287.1

## **DECLARATION OF SOLOMON RASTEGAR**

I, Solomon Rastegar, declare and state as follows:

1. I am the manager of Rassol, LLC ("Rassol"), the defendant in this adversary proceeding. I submit this declaration in support of Rassol's "Motion for Summary Judgment on Adversary Complaint" (the "Motion"). I know personally the facts set forth herein and could and would competently testify thereto if called and sworn as a witness.

2. Attached hereto as Exhibit 1 is a true and correct copy of that certain "Certificate of Limited Partnership" executed by me and filed with the Secretary of State for the State of California on April 1, 1993.

3. Attached hereto as Exhibit 2 is a true and correct copy of that certain "Agreement of Limited Partnership of The Wall Street Mart, a California Limited Partnership," executed by myself and other members of my family on June 30, 1993.

4. In 2005, the Rastegar Family sold its interests to Namvar and/or his affiliates, and ceased to have any ownership interest in Wall Street.

5. Ezri Namvar replaced me as the Chief Executive Officer of Sora, Inc.

6. Attached hereto as Exhibit 3 is a true and correct copy of that certain Loan Agreement dated August 22, 2008 between Rassol and Namco.

7. Attached hereto as Exhibit 4 is a true and correct copy of that certain Secured Promissory Note dated August 22, 2008.

8. Attached hereto as Exhibit 5 is a true and correct copy of that certain Pledge and Security Agreement dated August 22, 2008.

9. Attached hereto as Exhibit 6 is a true and correct copy of that certain UCC Financing Statement filed on August 27, 2008.

10. Over a period of many years predating the Namco[1] and Namvar bankruptcies, my family and I made a series of unsecured loans to Namco.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

HBDDOCS\777287.1

11. Attached hereto as Exhibit 7 is a true and correct copy of an Account QuickReport that was provided to me by Namco showing transactions between the Rastegar Family and Namco between 1998 and 2008. To the best of my knowledge and belief, the information contained therein is correct.

12. By August of 2008, the total balance owing on various Rastegar Family loans amounted to $18,525,000.

13. Around August of 2008, the outstanding Rastegar Family loans to Namco were assigned to Rassol and consolidated into a single loan secured by the Pledge from Wall Street.

14. Rassol made demand on June 11, 2009 that Wall Street surrender the membership interests subject to the Pledge.

15. Rassol noticed a public UCC foreclosure sale of the pledged membership interests for September 17, 2009.

16. After September 17, 2009, in an attempt to work out a forbearance plan, Rassol continued negotiations with the chapter 11 trustee for Namco, in his capacity as manager of Wall Street's new general partner, Namco.

17. The foreclosure sale was twice continued, first to October 20, 2009 and then to November 23, 2009.

18. Attached hereto as Exhibit 8 is a true and correct copy of a letter I received in September of 2009.

19. I am unaware of any evidence suggesting that Wall Street had been sued or threatened with suit as of the date of the Pledge.

20. I am unaware of any evidence suggesting that Wall Street absconded.

21. I am unaware of any evidence suggesting that Wall Street concealed assets in relation to the Pledge.

22. On information and belief, Namvar was the Chief Executive Officer of Sora, Inc. as of the Pledge Date.

HBDDOCS\777287.1

1

2       I declare that the foregoing is true and correct to the best of my knowledge. Executed this

3 23rd day of July 2010 in Los Angeles, California.

4

5

6      *Aug. 23*

7 DATED: ~~July~~ __, 2010                            By: _____
                                                             Solomon Rastegar

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hennigan, Bennett & Dorman llp*
*lawyers*
*los angeles, california*